**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000718
14-MAY-2025
08:26 AM
Dkt. 59 SO**

NO. CAAP-22-0000718

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
GENE TAMASHIRO, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-21-0000355)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth, and Nakasone, JJ.)

Defendant-Appellant Gene Tamashiro (**Tamashiro**), self-represented, appeals from the November 2, 2022 Judgment of Conviction and Sentence; Notice of Entry (**Judgment**), entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]  After a jury trial, Tamashiro was convicted of one count of Misdemeanors, in violation of Hawaii Revised Statutes § 127A-29 (2011), and one count of State Parks Closed Area, in violation of Hawaii Administrative Rules § 13-146-4(a).

Tamashiro raises no points of error and provides no references to the record on appeal, either to identify where in the record the Circuit Court erred or what evidence or argument

---

[1]     The Honorable Clarissa Y. Malinao presided.

in the record supports his appeal to this court. Tamashiro has failed to comply with, *inter alia*, Hawaiʻi Rules of Appellate Procedure Rule 28(b)(3), (4), (5), & (7). However, this court has long adhered to the policy of affording litigants the opportunity to be heard on the merits whenever possible. Erum v. Llego, 147 Hawaiʻi 368, 380, 465 P.3d 815, 827 (2020) (citing Morgan v. Plan. Dep't, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004)). In view of this longstanding policy, a *pro se* litigant's failure to conform to procedural requirements should not automatically foreclose appellate review. Id. at 381, 465 P.3d at 828. We therefore liberally construe Tamashiro's brief and attempt to address the merits of his argument.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Tamashiro's appeal as follows:

Tamashiro argues that the State of Hawaiʻi judicial system and the Circuit Court erred because the prosecutor and the Circuit Court failed to produce substantial evidence of lawful title and jurisdiction over Tamashiro or over ʻIolani Palace. Tamashiro submits that the Hawaiian Kingdom is under United States military/corporate occupation, and therefore, the Circuit Court lacked jurisdiction, both subject matter and personal jurisdiction in this case. Tamashiro asks this court to, *inter alia*, vacate the judgment and initiate steps toward the public admission about Hawaii's status as a sovereign country under occupation.

In short, as found by the Circuit Court, Tamashiro is claiming that he is immune from prosecution due to the illegal overthrow of the Hawaiian Kingdom. Tamashiro seemingly confirms this on appeal, concluding in reference to his sovereignty argument: **"I admitted to jumping the fence with no mask . . .** [t]he real question is **why** did I do that?"

We conclude that the Circuit Court had jurisdiction over Tamashiro and the State's criminal jurisdiction encompasses all areas within the territorial boundaries of the State, including the grounds of ʻIolani Palace. See State v. Kaulia, 128 Hawaiʻi 479, 487, 291 P.3d 377, 385 (2013). Tamashiro makes no cogent argument that the Circuit Court otherwise erred in entering the Judgment.

Accordingly, the Circuit Court's November 2, 2022 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, May 14, 2025.

| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
|---|---|
| Gene Tamashiro,<br>Defendant-Appellant, pro se. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Adrian Dhakhwa,<br>Deputy Attorney General,<br>Department of the Attorney<br>General,<br>for Plaintiff-Appellee. | /s/ Karen T. Nakasone<br>Associate Judge |